Chief Justice Robertson
delivered the Opinion of the Court-,
This is an action of covenant, by Jenkins against Estill, ■on the following agreement in writing:—■
“August 7th, 1833.
“ This day Bushrod Jenkins and James M. Estill have entered into the following contract—Estill delivers, be- “ tween the first of November and the fifteenth of -same, 44 between four hundred and six hundred and fifty fat 44 hogs, weighing 200 lbs. and upwards each-—for which Jenkins is to give ‡2 per hundred, payable in a bill at 44 ninety days discount, which discount Estill is to lose, “and if Jenkins prefers having it at a hundred and “twenty days, Jenkins is to lose the other thirty; the bill to be accepted hy L. K. Grigsby and Bush. Jen44 kins at New Orleans—One dollar in the head is to be 44 paid in advance.” James M. Estill,
B. Jenkins»
The declaration contains three counts—each describing substantially the same covenant—the two first treating the covenants of the parties as mutual and concurrent, and containing—with one exception hereafter to be noticed—proper averments of an offer of performance by Jenkins; and the last averring, as the only breach, the fact that Estill had not, between the 1st and 15th of November, four hundred such hogs as he had covenanted to deliver.
A -demurrer to the third count having been overruled,. Estill pleaded that he had. kept and performed bis covenant; and issue having b.een. tajeen on that plea, he offered to file a series of other pleas-^-Nos.,2, 3, 4, 5, 6, 7, 8,. 9, 10; but -the Court decided, that they were all insufficient. andj therefore, refused to .permikliim to file, any on.e- *76 of them. And, on the trial, the Court also refused to allow him to prove that, on the 14th of November, 1833$ he had, at his residence, four hundred and five hogs of the Ivirid described in the covenant, and tendered them to Jenkins.
An averment in 'a dec’n, that the 1def’t was unable to perform his covenant, is suffaicient, without an averment 'of performance, or tender, on thé part of the pl’tf.
A plea to a dec’n on the above cov tenant, which, yers the deft’s readiness to perform, and traverses the averment of tender or 'demand by Vd’tf, is sufficient.
Where a dee’n ‘contains several 'counts, and a p'ea is put in, Which is not, In Its terms, restricted to any ^particular count, or counts, it must be taken as an ..nswer to the whole deem, and if, in such plea, oyer is craved of the writing sued on, and ont instrument only ia produced, tint one must be deemed to be a part of each of the, counts, of the pletpieaded. and of each subsequent plea. Bn £ where the plea purports to answer one only of' several counts, the writing produced upon prayer of oyer in that plea—though it will be deemed a. part'of each sub - sequent plea to the same count— cannot be considered as the same writing declared upon in the ottos? counts.
*76 Verdict and judgment having been rendered in favor ’of Jenkins, this writ of error is brought to revérse thé .judgment.
In revising the judgment, we will briefly and comprehensively consider the various points which are present-fed, without noticing all of them in detail.
According to our corlstruction of the covenant, the 'acts which were to have been performed by each party; were concurrent; and, of course, either of them, as plaintiff, should aver performance-, dr a proper offer to perform. The covenant to pay “one dollar a head in advance” imports, as we think, that so much was to be paid, not instantly, or presently, or on request, but at the time of the delivery of the hogs, in contradistinction to the payment in a “bill of exchange to be given at the time of delivery, on a credit of 'ninety or one hundred and twenty days;,
And, whatever may be the true import and effect of the covenant, the third- count is substantially good; for if, as it avers, Estill was unable to perform his covenant; no performance or tender by Jenkins was necessary to thé mainténance of his action.
But we are of the opinion, that the Circuit Court erred in refusing to admit the proof which has been mentioned, and also in rejecting some of the pleas, and especially the 3th plea, which averred a readiness by Estill to perform his covenant, and traversed the averments in the declaration as to any tender or demand by Jenkins.
We cannot conceive any plausible reason for the rejection of the evidence, or of the 8th plea, unless, as suggested by the counsel of Jenkins in this Court, the issue which was tried and the rejected plea applied exclusively to one or two counts ohly, and therefore left a good count unanswered*.
But we cannot thus understand thé issue, or the plea*. B-oth purport to be co-extensive with the suit; and, there *77 behig nothing in the record requiring a more restricted application of either of them, they should be deemed to apply to the entire declaration. In the plea, on which issue was taken, oyer is craved of the covenant “sued on” -—that is, in all the counts, because the plea is in bar of the whole cause of action, and does not purport to be an answer to any one count separately. And the oyer having thus planed the covenant on the record of the suit, and no other covenant than that which has been copied in this opinion, having been exhibited, upon the call in the plea for the covenant “sued on.” that covenant should be considered as being a part of each count in the declaration, and of each of the pleas, without 'a repetition of oyer. In the case of Hughes vs. Moore, 2 Peters' Con. Rep. 468, the Supreme Court of the United States has said, that, when a declaration contains several counts, and there is a. separate plea to each and to no other, then, as each may, prima facie, be deemed to be founded on a distinct and different cause of action, oyer of a writing described in one, is not oyer of the writing describ'd in another, and that, therefore, that which is exhibited in the plea to one, is no part of any other plea or count. But it was admitted, of course, that a writing exhibited on oyer in a plea to all the counts-, should be conside. ed a part of each count and of ’every succeeding plea without any other oyei% And there being, in that case, no one plea to all the counts, the Court said—“By the plaintiff “ in error, it is contended that the oyer which was prayed “ of the written contract alleged in the first count, spreads “ that contract on the rec'ord, and makes it a part of all “ his subsequent pleas. This is certainly true with res- “ pect to all his subsequent pleas to that count, but not with “ respect to his pleas to the other counts.” And the same 'Court would, a fortiori, have said that the writing exhibited on oyer in a plea to the whole declaration, was a part of the record of the entire suit, ahd was, consequently, a part of each count and of all subsequent pleas.” As each of the pleas in this case purports to be in answer to the whole declaration, the demurrer to the third *78 count was, in effect, necessarily withdrawn by the first plea and the issue upon it; and even were we disposed to be hypertechnical, we could find nothing in the record which could restrict any one of the pleas to any one Count, or which could enable us to determine as to what part of the declaration it should be confined* We are, therefore, clearly of the opinion, that the covenant wiiich was read is a part of each count, and that the issue and all the rejected pleas extended to the whole declaration* And consequently, it seems to us to be an inevitable conclusion that the eighth plea is good, and that on the trial of the issue, Estill had a right to prove, as he offered to do, that Jenkins had no cause of action against him on any one count in his declaration*
Where a clef^demurs to one of' several counts in. a dec’n, ancthen , , . pleads a plea applicable tp the whole declaration—it. has the effect of a withdrawal or waives p'f the demurrer,
Contract l'o deliver hogs—-<‘botweeu the 1st of Nov. and the 15th of the same”— held) that the contractor was •not bound to deliver them before the 15th.
It may be proper to add that, as Estill was not bound to deliver the hogs until the l-5th of November, he could not have been guilty of a breach of his covenant by failing to deliver them before that time; and that, therefore, as neither the first nor the-second count avers an offeror tender by Jenkins on that day, neither of these counts is good.
Wherefore, the judgment of the Circuit Court is rq* versed, and the cause remanded.